UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL ACTION NO. 10-9-DLB

UNITED STATES OF AMERICA                                                                      PLAINTIFF

VS.                          MEMORANDUM OPINION AND ORDER

DAVID M. GILLIAM                                                                                DEFENDANT

*** *** *** ***

This matter is before the Court upon Defendant David M. Gilliam's Motion to Suppress evidence obtained during a search of his property at 363 Biggs Branch Road, Olive Hill, Kentucky on March 19, 2009 (Doc. # 25). In his motion, Defendant alleges that the evidence seized pursuant to the search warrant must be suppressed because of an alleged defect in the affidavit supporting the warrant. The United States having filed its Response in Opposition to the motion (Doc. #28), and Defendant having filed his Reply (Doc. #29), the motion is now ripe for review. For the reasons that follow, the motion is **denied**.

## I. FACTUAL BACKGROUND

On March 18, 2009, Carter County District Judge Rebecca Phillips signed a search warrant for the premises known as 363 Biggs Branch Road, Olive Hill, Kentucky - more particularly described as a light gray residence with covered front porch and gray roof with two outbuildings and a camper on the premises. (Doc. #25-1). That property is owned by Defendant David Gilliam.

1

The Affidavit for the Search Warrant and the Search Warrant have been made part of the record as Exhibits A and B to the Defendant's Motion to Suppress (Docs. #25-1, 25-2). The affidavit reveals that Sergeant John Paul Turner of the Kentucky State Police first contacted the Commonwealth Attorney to discuss the issuance of the search warrant. On March 18, 2009, at 11:36 a.m., Sgt. Turner signed the affidavit in support of the search warrant before the Commonwealth Attorney. Upon consideration of the affidavit, Judge Phillips signed the warrant at 11:45 a.m. In the affidavit was a listing of the property to be seized, including photographs, videos, computers, and any digital media which could contain or store images of child pornography or documentation of sexual acts with minors. (Doc. #25-2).

On March 19, 2009, Detective Michael Murriell of the Kentucky State Police and other law enforcement officers executed the search warrant. The following items were seized: a Compaq Presario 5000 Computer Tower, Serial No. 2H09FPM9J526; HP Pavilion a345w Computer Tower, Serial No. MXK3460T3J; Dell Dimension 4300S Computer Tower, Serial No. HCL9311; 45 discs in column; 35 discs in cases; 76 loose floppy discs; and slender silver digital camera with USB port (no make or serial numbers). (Doc. #25-1). The charges set forth in the Indictment (Doc. #1) are a result of the images found in one or more of these items.

## II.  ANALYSIS

Defendant attacks the constitutionality of the March 19, 2009 search of his property on two grounds. First, he claims there was insufficient probable cause because the supporting affidavit contained no indication as to the date of the alleged criminal activity. Second, he argues there can be no good faith reliance upon the search warrant because

2

the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Each argument will be addressed in turn.

### A. Probable Cause

The Fourth Amendment states that "no warrants shall issue but upon probable cause, supported by oath or affirmation ... ." U.S. Const. amend. IV. To demonstrate probable cause, the affidavit must contain facts that indicate "a 'fair probability' that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (quoting *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir. 1990)). Reviewing courts should examine the totality of the circumstances when determining whether probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). The totality of the circumstances approach requires an analysis of the adequacy of all circumstances set forth in the affidavit, including the veracity and basis of knowledge of an informant. *Id.* at 238. A judge's probable cause determination is given great deference and should not be reversed unless that decision was arbitrarily made. *United States v. Terry*, 522 F.3d 645, 647-48 (6th Cir. 2008). In other words, a probable cause determination may be reversed only if the affidavit did not set forth a substantial basis for finding probable cause. *Id.*

Probable cause concerns facts pertaining to "a presently existing condition," and, therefore, the affidavit may not employ "stale" information. *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). "Because probable cause has a durational aspect, at least some temporal reference point is necessary to ascertain its existence." *United States v. Hython*, 443 F.3d 480, 486 (6th Cir. 2006). When analyzing staleness, the Court must look at the "circumstances of each case." *Id.* at 485 (citing *Sgro v. United States*, 287 U.S. 206,

210-11 (1932)). The inherent nature of the crime is critical to the determination, and the following variables must be considered: "(1) the character of the crime (chance encounter in the night or regenerating conspiracy?), (2) the criminal (nomadic or entrenched?), (3) the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), and (4) the place to be searched (mere criminal forum of convenience or secure operational base?)." *United States v. Frechette*, 583 F.3d 374, 378 (6th Cir. 2009) (citing *United States v. Abboud*, 438 F.3d 554, 572-73 (6th Cir. 2006)). "The passage of time becomes less significant when the crime at issue is ongoing or continuous and the place to be searched is a secure operational base for the crime." *Hython*, 443 F.3d at 485.

In the present case, Sgt. Turner's affidavit specifically stated:

> On the 17th day of March, 2009, at approximately 10:30 a.m., affiant received information from: Trooper Josh Brashears that he was working on a complaint involving sexual activity involving four minors and David Gilliam. Brashears' report indicated that Gilliam had photgrahed [sic] and videoed sexual acts involving all four minors and Gilliam. One of the minor children, [name redacted] reported having seen the images on a computer in Gilliam's bedroom. Brashears had taken statements from the minors.

(Doc. #25-2). Defendant attacks the validity of the affidavit by arguing that it contains no indication as to the dates of the alleged sexual activity, creation of photographs or videos, or statements of the minors. The United States argues that when considering the staleness factors described above, the information contained in the affidavit was not stale. Furthermore, the United States argues that although Sgt. Turner's description was brief, it included enough current information to establish a fair probability that contraband or evidence of a crime would be found at Gilliam's residence.

4

Because of the nature of the crime being investigated–production and possession of stored digital images of child pornography–and the application of the above variables, the fact that a specific time frame was not identified in the affidavit is not problematic from a staleness perspective. The Sixth Circuit employs a relaxed approach toward temporal constraints in child pornography cases. *United States v. Lewis*, 605 F.3d 395, 402 (6th Cir. 2010). Child pornography is not a fleeting crime, and "because the crime is generally carried out in the secrecy of the home and over a long period, the same time limitations that have been applied to more fleeting crimes do not control the staleness inquiry for child pornography." *United States v. Paull*, 551 F.3d 516, 523 (6th Cir. 2009) (holding that probable cause existed based on an affidavit containing evidence that the defendant's subscription to a child pornography website was purchased thirteen months before the search).

The first staleness factor concerns the character of the crime. In the instant case, Judge Phillips was presented with information that Defendant had photographed and videoed sexual acts involving himself and four minors. Furthermore, evidence was presented that one of the minors had viewed the images on a computer in Defendant's bedroom. The next factor involves the Defendant himself, who was identified as residing at the place to be searched. The third factor concerns the things to be seized which, in this case, are digital images of child pornography. It is well established that digital images of child pornography can have an infinite life span. *Frechette*, 583 F.3d at 379 (quoting *Terry*, 522 F.3d at 650 n.2 (6th Cir. 2008) ("Images typically persist in some form on a computer hard drive even after the images have been deleted and ... such evidence can often be recovered by forensic examiners.")). Finally, the place to be searched was Defendant's

5

residence, which is clearly a "secure operational base." Additionally, as stated above, one of the minor victims reported having seen the images on the computer in Defendant's bedroom. Consequently, all of the factors indicate that the evidence in the affidavit was not stale.

Moreover, even though the affidavit is admittedly brief, there was a substantial basis for Judge Phillips to conclude that probable cause existed to issue a search warrant for Defendant's residence. It is well settled that a judge may rely on hearsay evidence when making a probable cause determination. *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003). Sgt. Turner's affidavit contained hearsay evidence from two named informants, Trooper Brashears and one of the minor victims. A named informant is inherently more credible than an unnamed informant because the named informant could potentially be held liable for providing false information. *United States v. Couch*, 367 F.3d 557, 560-61 (6th Cir. 2004). In the affidavit, Sgt. Turner stated that, on March 17, 2009, he received information from Trooper Brashears, who "was working on a complaint" of sexual activity involving four minors and Defendant Gilliam. Sgt. Turner also stated that Trooper Brashears had taken statements from the minors. While the affidavit does not mention the specific dates of the alleged criminal activity or the date(s) the minor reported seeing the images on Defendant's computer, it does contain a temporal reference point. The language–working on a complaint–indicates that Trooper Brashears was currently investigating the matter. Furthermore, Sgt. Turner went on to include specific details regarding the alleged criminal activity, including that Defendant had photographed and videoed sexual acts involving him and the four minors. Most importantly, one of the minors, who was named in the affidavit, reported seeing the images on the computer in Defendant's

bedroom. Therefore, when considered in its entirety, the affidavit clearly supports the continued existence of probable cause and "rebuts any inference of staleness of information or lack of specificity," especially given the nature of the offense. *United States v. Williams*, 480 F.2d 1204, 1205 (6th Cir. 1973); *see Hython*, 443 F.3d at 486. However, even if the Court were to conclude that probable cause was lacking, the evidence will not be suppressed because the search was in good faith within the meaning of *United States v. Leon*, 468 U.S. 897 (1984).

### B.   Good Faith Exception

The purpose of the exclusionary rule is to deter unlawful police conduct, and evidence should be suppressed only if the officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional. *United States v. Leon*, 468 U.S. 897, 919 (1984). Therefore, the good faith exception allows admission of evidence "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope," even though the warrant was ultimately held to be defective. *Id.* at 920. However, there are four situations in which an officer's reliance on a defective warrant cannot be considered objectively reasonable: "(1) when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and (4) when the warrant is so facially deficient that it cannot be reasonably presumed to be valid." *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005).

7

Defendant relies on the third scenario, arguing that the officers' reliance on the warrant was not objectively reasonable because Sgt. Turner's affidavit is so lacking in indicia of probable cause that any belief in its existence was entirely unreasonable. The standard by which an affidavit should be analyzed for purposes of the good faith exception "is a less demanding showing than the 'substantial basis' threshold required to prove the existence of probable cause in the first place." *Id.* (citing *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004)). The relevant inquiry is "whether the officer reasonably believed that the warrant was properly issued, *not* whether probable cause existed in fact." *United States v. Laughton*, 409 F.3d 744, 752 (6th Cir. 2005) (emphasis in the original). An affidavit "so lacking in indicia of probable cause" offers only "suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge ... ." *Id.* (quoting *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996)).

As discussed above, there was a substantial basis for Judge Phillips to conclude that probable cause existed to issue a search warrant for Defendant's residence. However, even if there was not a substantial basis to conclude that probable cause existed, there certainly was enough information in the affidavit to establish the officers' reliance was objectively reasonable. The affidavit contained specific details concerning Trooper Brashear's investigation of the Defendant's production and possession of child pornography, including the taking of statements from four minor children involved in the criminal activity. The affidavit identified the Defendant as the resident of the place to be searched and specifically linked the crime to the computer in Defendant's bedroom. Furthermore, the affidavit indicated that Sgt. Turner had contacted the Commonwealth

Attorney before executing the affidavit and presenting it to a judge. Therefore, the officers' reliance on the search warrant was objectively reasonable as the affidavit contained several facts to support a finding of probable cause.

### III. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Defendant's Motion to Suppress (Doc. #25) be, and is hereby **DENIED**. This matter stands ready to proceed to jury trial on January 10, 2011 at 1:00 p.m. in Ashland.

This 7th day of December, 2010.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\Opinions\Ashland\0-10-9 MOO Denying Mtn to Suppress.wpd