UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL NO. 10-09-DLB

UNITED STATES OF AMERICA,                                                    PLAINTIFF,


V.                          **MAGISTRATE JUDGE'S REPORT
                             AND RECOMMENDATION**


DAVID GILLIAM,                                                          DEFENDANT.

**********

This matter is before the Court upon Defendant Gilliam's *pro se* Motion for Production of

Inventory Seized and for Return of Seized Property [Record No. 76]. It has been referred to the

undersigned to prepare a report and recommendation pursuant to 28 U.S.C. § 636(b). [Record No.

79]. Having considered the matter, and being sufficiently advised, the undersigned recommends the

denial of Gilliam's motion.

Gilliam requests the production of an inventory of items and the return of items which he

alleges were seized by the "Kentucky State Police and other law enforcement officers." [Record No.

76]. The United States opposes both of these requests. [Record No. 78]. First, the United States

asserts Gilliam's request for the production of inventory is approprately considered pursuant to

FEDERAL RULE OF CRIMINAL PROCEDURE 41(f). Rule 41(f) governs the procedure federal law

enforcement official must employ in the  preparation and verification of an inventory of property

seized during a search, requiring a receipt for property seized be provided to the person from whom

or from whose premises the property was taken. *See* Fed. R. Crim. P. 41(f). According to the United

States, Fed. R. Crim. P. 41(f) does not provide Gilliam relief because the seizure for which he is

requesting an itemized inventory involved only state law enforcement officers executing a state search warrant. [Record No. 78, at 1]. Second, regarding Gilliam's request for the return of seized property, the Government asserts it is unaware of any property seized from Gilliam that is not encompassed in the forfeiture allegation, to which he pled guilty. [Id. at 2]. Gilliam has not submitted any written reply disputing the facts as stated by the United States, and the time to do so has now expired.

Having reviewed Defendant's motion, the United States' written response, and the record below, the Court finds Gilliam is not entitled the relief requested. First, there is no evidence the search for which Gilliam requests an inventory of items seized was anything but a state endeavor, with federal involvement arising after the execution of a state search warrant. [*See* Record No. 25-1]. Accordingly, the search is not subject to the provisions of Rule 41(f). *See* United States v. Searp, 586 F.2d 1117, 1124 (6th Cir.1978) (discussing a search is not subject to the provisions of Rule 41 when a search warrant is obtained by state officers and such warrant is executed by state officers only, with federal officers becoming involved only after search was completed, so long as there is no evidence that federal officers acted in supervisory capacity or that they instigated search); *See also* United States v. Dudek, 530 F.2d 684 (6th Cir. 1976). The Court is without authority to order state authorities, not a party in this case, to comply with Gilliam's request. Second, there is no evidence any items seized from Gilliam are not subject to the forfeiture allegation to which he pled guilty, and the Court has declared final. [*See* Record Nos. 35, 37, 64]. Accordingly, Fed. R. Crim. P. 41(g) is not the appropriate mechanism for Gilliam to pursue his rights in this property. *See* United States v One 1974 Learjet 24D 191 F3d 668, 1999 (6th Cir.1999) (holding claimant could no longer use Rule 41(e), [now Rule 41(g),] after government initiated forfeiture proceedings and

notified claimant of proceedings, but instead had to submit to statutory procedures governing civil forfeiture proceedings to assert interest in the claimed property) (citing Shaw v. United States, 891 F.2d 602, 603-04 (6th Cir. 1989)).

Having considered the matter and being otherwise sufficiently advised, IT IS RECOMMENDED that Gilliam's Motion for Inventory and for Return of Seized Property [Record No. 76] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed February 26, 2013.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge